UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. HODGES, | No. 2:15-cv-0599 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| R. KIRSCHER, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds against defendants Kirschner, Ash, Cruz, and Roberts for alleged violations of plaintiff's rights under the Eighth Amendment. This order addresses plaintiff's motion for summary judgment, defendants' separate motions to stay discovery, and plaintiff's request for appointment of counsel.

I.   Background

On July 2, 2015, the undersigned issued an order directing the United States Marshall to serve process on defendants Ash, Cruz, Kirschner, and Roberts. ECF No. 11. On September 1, 2015, defendants Ash, Cruz, and Roberts filed a motion to dismiss plaintiff's complaint. ECF No. 15. On September 14, 2015, defendant Kirschner answered plaintiff's complaint.[1] ECF No.

---

[1] Defendant Kirschner is represented by private counsel.

1

21. On November 18, 2015, plaintiff filed a request for a settlement conference. ECF No. 28. On December 1, 2015, plaintiff filed a motion for summary judgment. ECF No. 30.

On December 7, 2015, the court issued an order setting a settlement conference on January 22, 2016. ECF No. 31. Defendants Ash, Cruz, and Roberts thereafter filed a motion for a protective order and a request to stay discovery. ECF No. 32. Defendant Kirschner filed a separate motion to stay discovery and to stay plaintiff's motion for summary judgment. ECF No. 33. Plaintiff opposed defendant Ash, Cruz, and Roberts' motion, ECF No. 34, but filed a statement of non-opposition as to defendant Kirschner's motion, ECF No. 35.

I.     Plaintiff's Motion for Summary Judgment

Plaintiff's December 1, 2015 motion for summary judgment, ECF No. 30, will be denied as premature. Plaintiff's motion is denied without prejudice to renewal after the close of discovery, assuming this case is not resolved at the January 22, 2016 settlement conference.

II.    Defendants' Motions to Stay Discovery

In their motion for a protective order and stay of discovery, defendants Ash, Cruz, and Roberts indicate that plaintiff served them with discovery requests on November 29, 2015. ECF No. 32-1 at 2. Defendants request a protective order staying discovery until forty-five days after a discovery and scheduling order has been issued.[2] Id. at 1-2. Defendants also request that they be relieved from responding to plaintiff's motion for summary judgment until a later date, in light of their pending motion to dismiss plaintiff's complaint. Id. at 4. In response to defendants' motion, plaintiff filed a document purporting to oppose defendants' motion.[3] See ECF No. 34 at 1. However, plaintiff merely expresses confusion regarding defendants' request and clarifies that the motion for summary judgment was directed towards defendant Kirschner only. See id. at 1.

In her separate motion to stay discovery and to stay plaintiff's motion for summary judgment, defendant Kirschner explains that plaintiff also served her with discovery requests on November 29, 2015. ECF No. 33 at 2. Defendant Kirschner requests that she be relieved from

---

[2] In light of defendant Ash, Cruz, and Roberts' pending motion to dismiss, the court has not yet issued a discovery and scheduling order.

[3] Plaintiff's motion is entitled "motion of motion to opposition for defendants [*sic*] motion for protective order and Request to stay." ECF No. 34 at 1.

2

responding to plaintiff's discovery requests and plaintiff's motion for summary judgment until after the January 22, 2016 settlement conference.

Defendants' requests to stay discovery are granted. Discovery is stayed as to all parties pending the outcome of the January 22, 2016 settlement conference and, in the event that the case is not resolved at the settlement conference, resolution of defendant Ash, Cruz, and Roberts' motion to dismiss plaintiff's complaint. Defendants' request to stay plaintiff's motion for summary judgment is denied as moot in light of the court's decision to deny the summary judgment motion as premature.

### III.     Plaintiff's Motion for Appointment of Counsel

Plaintiff has also requested appointment of counsel. ECF Nos. 13, 25. Plaintiff asserts that appointment of counsel is warranted because of his indigent status, lack of legal knowledge, and limited access to the law library. Id. Plaintiff further asserts that counsel should be appointed because he is a participant in the mental health program and his case involves complex legal issues. Id. Plaintiff speculates that his case may be going to trial and asserts that he would achieve "a better outcome" if he had counsel. See ECF No. 25 at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

In the present case, the court does not find the required exceptional circumstances at this time. Circumstances common to most prisoners, such as indigent status, lack of legal knowledge, and limited access to the law library, do not establish exceptional circumstances. Furthermore, plaintiff's claims are not particularly complex and plaintiff has thus far been able to sufficiently articulate his claims pro se. To the extent plaintiff asserts that he requires counsel at trial, plaintiff is advised that his case has not yet been set for trial, as he must first overcome defendants' pending motion to dismiss, as well as any future motions for summary judgment that may be filed (assuming this case is not resolved at the upcoming settlement conference). Plaintiff's request for appointment of counsel is therefore denied without prejudice to its renewal at a later stage of the proceedings.

IV.  Summary

Plaintiff's motion for summary judgment is denied because it was filed too early. If this case is not resolved at the settlement conference, plaintiff may re-file his motion for summary judgment after discovery has closed. The date discovery closes will be included in the discovery and scheduling order.

Discovery is currently stayed. Plaintiff should not serve any further discovery requests at this time. If this case is not resolved at the upcoming settlement conference, plaintiff should wait to serve his discovery requests until after the court issues a discovery and scheduling order. The discovery and scheduling order will not be issued until after defendants' motion to dismiss is resolved.

Plaintiff's request for appointment of counsel is denied because he has not established the required exceptional circumstances. Plaintiff may file another motion for appointment of counsel at a later stage of the proceedings.

V.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 30) is denied without prejudice to its renewal after the close of discovery, should this case not be resolved at the January 22, 2016 settlement conference;

2. Defendant Ash, Cruz, and Roberts' motion for a protective order and request to stay discovery (ECF No. 32), and defendant Kirschner's motion to stay discovery and to stay plaintiff's motion for summary judgment (ECF No. 33), are granted in part and denied in part. The motions are granted to the extent that discovery is stayed. The motions are denied to the extent that the request to stay plaintiff's summary judgment motion is now moot;

3. Discovery is stayed pending the outcome of the January 22, 2016 settlement conference and resolution of defendant Ash, Cruz, and Roberts' motion to dismiss. In the event that the case is not resolved at the settlement conference, defendants shall not be required to respond to plaintiff's discovery requests until forty-five days after the court issues a discovery and scheduling order; and

4. Plaintiff's motions for appointment of counsel (ECF Nos. 13, 25) are denied without prejudice.

DATED: January 15, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE